IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00683-RPM

LINDA ROBBINS (aka Lynn Robbins),

    Plaintiff,
v.

CITY OF GREELEY, COLORADO,

    Defendant.

_____

ORDER GRANTING SUMMARY JUDGMENT ON CONSTITUTIONALITY
_____

On August 14, 2012, police officers of the City of Greeley, Colorado, took 15 Alpha Lhasa Apso dogs from a van driven by Linda Robbins and put them in the Weld County Humane Society Shelter. She never saw then again because she could not pay $11,250 by 12:30 p.m. on August 17, 2012. This was the result of the application of the Greeley Municipal Code relating to the humane treatment of animals.

Ms. Robbins seeks damages under 42 U.S.C. § 1983 claiming that she lost her property interest in the dogs without being given the protection of due process of law as required by the Fourteenth Amendment to the United State Constitution.

The Greeley Municipal Code includes the following relevant provisions:

§ 7.08.010    **Failure to Provide Treatment in a Humane Manner Unlawful.**

It is unlawful for any person to fail to provide an animal owned or in the custody of such person with treatment in a humane manner.

§ 7.08.050    **Confining in a Vehicle Unlawful; impoundment.**

It is unlawful to confine any animal within a parked, closed vehicle, without allowing cross-ventilation to prevent the animal from suffering heat exhaustion, heat stroke or death; and under no circumstances shall a person confine such animal in any parked, closed vehicle on any public street or way for more than thirty (30) minutes. Any animal control officer or any police officer observing any animal kept in violation of this Section may enter the vehicle, leaving written notice in the vehicle and shall impound such animal to protect its well-being.

§ 7.15.010   **Animals subject to impoundment.**

Any animal which constitutes a public nuisance as defined in Chapter 7.12, which has or is suspected of having rabies or which is found killed or injured on or along public streets or is otherwise in violation of this Title may be taken into custody by the animal control officer or any police officer and shall be humanely impounded in the animal shelter.

§ 7.15.110 - **Administrative impoundment hearings.**
(a) The owner of an animal impounded pursuant to this Title is entitled to an impoundment hearing regarding the impoundment, if such person requests a hearing within seventy-two (72) hours of the notice of impoundment. The request for an administrative impoundment hearing must be personally delivered to the Police Department.
(b) The administrative impoundment hearing shall be conducted by the City Manager or his or her designee (hereinafter referred to as the "hearing officer") within ten (10) calendar days of the request. The City Manager shall notify the owner of the date, time and location of the hearing.
(c) At the hearing, the hearing officer shall determine whether there is probable cause to conclude that the animal is subject to impoundment under this Title. If the hearing officer finds probable cause, the officer shall assess the costs of impoundment against the owner. The owner may post a bond as set forth below to prevent disposition of the animal. Should the owner fail to post a bond, the animal may be disposed of or adopted at the discretion of the humane society or other facility where the animal has been impounded without further notice.
(d) If the hearing officer finds no probable cause, the officer shall order the immediate release of the animal. The owner shall not be liable for any boarding or impoundment fee.
(e) Failure of any person to request an impoundment hearing or to attend such hearing constitutes a waiver of the right to such hearing and constitutes a relinquishment of the owner's property rights to said animal,

and the animal may be humanely disposed of or adopted at the discretion of the humane society or other facility where the animal has been impounded without further notice.

**§ 7.15.120 - Bond.**
The owner of an animal that has been impounded pursuant to this Chapter may prevent disposition of the animal by requesting an administrative impoundment hearing and subsequently posting a bond with the court in an amount sufficient to provide for the animal's care and keeping at the impound agency for at least thirty (30) days, including the day on which the animal was taken into custody. Such bond shall be filed with the court within seventy-two (72) hours after the animal is impounded or, if the owner has requested a hearing, within twenty-four (24) hours of the conclusion of the administrative impoundment hearing if the City Manager determined probable cause existed for the impoundment. At the end of the time for which expenses are covered by the bond, if the owner or custodian desires to prevent disposition of the animal, the owner or custodian shall post a new bond with the court within seventy-two (72) consecutive hours of the prior bond's expiration. However, the court shall order the immediate disposition of the animal by euthanasia if, in the opinion of a veterinarian, the animal is experiencing extreme pain or suffering. At the end of the time for which expenses are covered by the bond, the impound agency may determine disposition of the animal unless there is a court order prohibiting such disposition. The owner or custodian shall be liable for the cost of the care, keeping or disposal of the animal.

Ms. Robbins was issued a summons on August 4, 2012, for violation of § 7.08.010 and § 7.08.050 as to the same dogs (Citation M281554) and again on August 9, 2012, as to five dogs (Citation M281556). No dogs were seized when these citations were issued.

The seizure of the dogs on August 14, 2012, was made after a traffic stop of the van driven by Ms. Robbins and the search of it. Ms. Robbins requested the administrative impoundment hearing which was held on August 16, 2012, at which Ms. Robbins represented herself and gave testimony. At the beginning of the hearing Assistant Municipal Court Judge Nieto made the following announcement:

> I've been appointed as of yesterday as the Administrative Hearing Officer in this case for this purpose. I'm acting in dual capacity today, as not just the Administrative hearing Officer, but I'm also the Assistant

3

Municipal Court Judge. So any findings that I make today will be made in that capacity. Okay? Does anybody have any questions about that?

As shown above, the City Manager or his or her designee is directed to conduct the administrative hearing pursuant to Chapter § 2.09 of the Code. Counsel for the City has no explanation for this statement emphasizing her judicial authority by Judge Nieto.

After hearing testimony from Rod Unrein, the Police Department Animal Control Officer, Eric White, a friend of Ms. Robbins and owner of three of the dogs, who helped Ms. Robbins care for all 15 of the dogs, and Ms. Robbins, Judge Nieto found by a preponderance of the evidence that there was probable cause to conclude that the dogs were subject to impoundment pursuant to § 7-15-110 (sic) of the Code.

The following then was said:

> THE COURT: I think that I have jurisdiction over this matter, pursuant to the Greeley Municipal Code. I believe, based on your attendance today, that you were properly served with the Notice of Animal Impoundment, pursuant to the Code, and that you're going to need to post at the rate of $25 per day, per animal, for 30 days, a bond with the Court in the amount of $750 per animal.
>
> You need to do that within 24 hours of today's hearing. It is, right now, 12:19, which means you'll have until tomorrow at 12:19 to have those bonds posted.
> We've already done the math today, because I wanted to make sure that that was correct. Thank you, $11,250 is what's going to be due tomorrow, by 12:19 in the afternoon.
>
> Understand that the Municipal Court closes at 12:30 tomorrow. So if you're not here, in a timely manner, to post bond at that point, there's not going to be anybody here to accept it.
>
> If you fail to post bond, the animals will be disposed of, or adopted, at the discretion of the Humane Society, or other facility where the animals have been impounded, without any notice to you.
>
> If you do post bond just so you know, at the time during which your bond runs out, so when the expenses are no longer covered, after 30

4

days, you'll be given 72 hours to repost another bond for each dog in the same amount for the same particular time.

Please note that if the Court, in this case, which I have ordered immediate disposition of the animals – I'm sorry. I said that wrong.

If the Court makes a finding – does the Court have to make a finding? Or does the Humane Society make a finding about any animals being –

THE CLERK: The Humane Society.

THE COURT: Okay. That the Humane Society makes a finding that any if the animals are experiencing extreme pain or suffering, which it doesn't sound like they are, but I need to advise you of this, that they do have the right, at that point, to dispose of the animal via euthanasia.

I'm telling you that, based on what I've heard today, it doesn't sound like that's the case. One last thing that I'm going to order, with respect to your case, specifically, Ms. Robbins, is that you are not going to be allowed to adopt these animals back from the Humane Society at this time.

Do you understand that? So, if you don't post bond, you don't get to go around the Courts Order and go to the Humane Society and attempt to adopt them.

MS. ROBBINS: If I post bond, I cannot have my animals back?

THE COURT: If you post bond, what happens is they stay at the Humane Society and they continue to be cared for by the Humane Society. However, they won't be adopted out to anybody. And they won't be –

MS. ROBBINS: They will not –

THE COURT:  – anywhere else.

MS. ROBBINS:  – they will not come back to me. Is that what you're basically saying?

THE COURT: At the end of the – let's say you decide to post bond today, and you post bond until the conclusion of this case, and it turns out that you're acquitted at the end, and you do end up getting your dogs back, you will get your dogs back at that point.

5

>       MS. ROBBINS: Okay.

Ms. Robbins then asked if the criminal charges could be heard sooner than the October date on the summons. Judge Nieto responded as follows:

>       THE COURT: I don't have a problem with that, as well, at all. Understand, though, that if you don't post the bond, the dogs may not still be around for you to get back, even if you resolve the case earlier rather than later.
>
>       I just want to make sure you understand that. They could be adopted out. There could be a number of things that happen.
>
>       So, understand that if you don't post this bond by tomorrow, you no longer are going to have control over what happens with the dogs.

In the criminal case that followed from the summons issued to Ms. Robbins from the August 14, 2012, traffic stop and impoundment of the dogs, Judge Nieto granted a motion to suppress the evidence because there was no probable cause to stop the van. That order was entered on October 26, 2012, and the City dismissed the charges on November 13, 2012. On November 26, 2012, Judge Nieto responded to Ms. Robbins Motion for Return of Unlawfully Seized Property by an order that the dogs may be disposed or of adopted at the discretion of the Humane Society without further notice. The sole basis for that order was the failure to pay the $11,250 bond. The dogs have been adopted or euthanized.

The criminal charges resulting from the summonses issued on August 4 and 9 went to trial resulting in a not guilty jury verdict on December 7, 2012.

Greeley has a contract with the Humane Society under which the City pays an annual fee in a negotiated amount, requiring the Humane Society to house and care for impounded animals for five days, following which there is a standard fee of $25.00 per

6

animal per day.  The "bond" amount of $25.00 per animal per day set at the impoundment hearing was determined by that contract.  Thus, Judge Nieto did not make any determination of the reasonableness of that amount for these small dogs and did not consider the ability of Ms. Robbins to pay the $11,250.

The procedure followed by the City of Greeley in this matter failed to give Ms. Robbins an adequate opportunity to protect her property interest in these dogs from loss.  That is a violation of the Due Process Clause of the Fourteenth Amendment.  This ruling does not invalidate the relevant City ordinances but addresses the manner in which they were applied.

The initial flaw in the procedure is the separation of the impoundment order under § 7.15.110 in an administrative hearing and the adjudication of the criminal charges.[1]  Ms. Robbins attempted to address that issue in asking Judge Nieto if the return date on the summonses could be advanced.

The finding of probable cause for impoundment of the dogs and the finding of a lack of probable cause for the traffic stop of the van are not inconsistent because the standards are different.  What is an anomaly in this case is that if the impoundment hearing had been held as part of the criminal case, the motion to suppress could have been held much sooner and the dogs would have been released as evidence gathered

---

[1] In contrast, Colorado law does not hold the impoundment hearing as an administrative matter, but holds it in a criminal court of competent jurisdiction.  C.R.S. §18-9-202.5.

as a result of the unlawful stop.

The requirement that the dogs' owner pay for 30 days housing and care in advance would not have been reasonable if the motion to suppress had been advanced by Judge Nieto. She could have done that even under the Code as written because as she emphasized at the beginning of the impoundment hearing she was sitting as the assistant municipal judge and could have advanced the date for return of the criminal summonses as Ms. Robbins requested.

Ms. Robbins lost her dogs because she could not pay the City of Greeley $11,250 by 12:30 p.m. on August 17, 2012, even though their seizure on August 14, 2012 was made by an illegal traffic stop and Ms. Robbins was never found guilty of any unlawful treatment of those dogs. That application of the relevant Greeley Municipal Code provisions was a violation of the procedural Due Process Clause of the Fourteenth Amendment. It is so egregious an injustice as to shock the conscience of this Court and is thus also a violation of the Substantive Due Process Clause of the Fourteenth Amendment.

This determination of liability has been made under Fed.R.Civ.P. 56 pursuant to the procedure adopted at the hearing on the defendant's motion to dismiss on July 15, 2015. The determination of remedy will require further proceedings. To facilitate this process, it is

ORDERED that on or before February 22nd, 2016, counsel for the parties shall meet and confer in an attempt to agree on a proposed procedure, including discovery, to adjudicate what remedy should be ordered, and file a statement of position on or before February 29, 2016. The agreed upon proposed procedure shall not require the

filing of an answer to the First Amended Complaint.

DATED: February 5, 2016

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge